UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL J. LOEBER,

    Plaintiff,                                 Case No. 5:09cv402-RS/MD

v.

DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA, LARRY CAMPBELL,
in his official capacity as Sheriff, Leon
County, Florida, PRISON HEALTH SERVICES,
INC., DELIANA GONZALEZ TORRES, M.D.,
individually, ERIONG OKON ANDEM, M.D.,
individualy, MARY COLLEEN WAHL, ARNP,
individually, and PATRICIA LEMON, ARNP,
individually,

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff MICHAEL J. LOEBER hereby sues Defendants DEPARTMENT OF CORRECTIONS, STATE OF FLORIDA, LARRY CAMPBELL, in his official capacity as Sheriff, Leon County, Florida, PRISON HEALTH SERVICES, INC., DELIANA GONZALEZ TORRES, M.D., individually, EFIONG OKON ANDEM, M.D., individually, MARY COLLEEN WAHL, A.R.N.P., individually, and PATRICIA W. LEMON, A.R.N.P., individually, and alleges:

### JURISDICTION

1.     This is an action involving violations of the federal civil rights of Plaintiff MICHAEL J. LOEBER ("Plaintiff" or "Loeber"), and also sets forth state causes of

action pursuant to this court's concurrent and supplemental jurisdiction. The aggregate amount of damages claimed by Plaintiff against each Defendant is in excess of Seventy Five Thousand Dollars ($75,000.00), the jurisdictional amount required for venue in this Court.

2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1343 (civil rights claim jurisdiction) and 28 U.S.C. §1367 (supplemental jurisdiction).

3. Jurisdiction of this court is also invoked pursuant to 28 U.S.C. §1343(a)(3), in that this action seeks to redress the deprivation, under color of state law, of rights devolving upon Plaintiff under the Eighth and Fourteenth Amendments to the U.S. Constitution.

4. Plaintiff's claims for relief are based on 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities devolving upon Plaintiff under the Constitution and laws of the United States, and on 42 U.S.C. §1988, which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983. Plaintiff also brings claims for relief under 42 U.S.C. §12131, *et seq*.

5. At all times pertinent to claims set forth herein, Plaintiff has been a resident of Leon, Wakulla, and Holmes Counties, Florida, more specifically having been an inmate at the Leon County Jail ("LCJ"), at the Holmes Correctional Institute ("HCI"), and at the Wakulla Correctional Institute ("WCI"). Plaintiff remained an HCI inmate as of the filing of the Complaint herein. Plaintiff was subsequently released from HCI and now resides in Leon County, Florida. He is thus *sui juris*.

6. At all times pertinent hereto, Defendant LARRY CAMPBELL ("Campbell" or "the Sheriff") has been the Sheriff of Leon County, Florida, which county was organized and exists under the laws of the State of Florida.

7. At all times pertinent hereto, Defendant PRISON HEALTH SERVICES, INC., ("PHS") has been an entity organized and existing under the laws of the State of Florida, and was contractually obligated to provide medical services to inmates of the Leon County Jail (LCJ), under the Sheriff's supervision.

8. At all times pertinent hereto, Defendant DEPARTMENT OF CORRECTIONS, STATE OF FLORIDA ("DOC"), has been an agency or department of the State of Florida, organized and existing under the laws thereof, located in Leon County, Florida.

9. At all times pertinent hereto, Defendant DELIANA GONZALEZ TORRES, M.D. ("Torres") has been a physician in the State of Florida, employed by DOC as the Chief Health Official of WCI, and is, upon information and belief, a resident of Wakulla County, Florida. This Defendant is *sui juris*.

10. At all times pertinent hereto, Defendant EFIONG OKON ANDEM, M.D. ("Andem") has been a physician in the State of Florida, employed by DOC as the Chief Health Official at HCI, and is, upon information and belief, a resident of Holmes County, Florida. This Defendant is *sui juris*.

11. At all times pertinent hereto, Defendant MARY COLLEEN WAHL, A.R.N.P. ("Wahl") has been a nurse practitioner in the State of Florida, employed by the DOC to provide medical care at HCI, and is, upon information and belief, a resident of

Holmes County, Florida.  This Defendant is *sui juris*.

12.	At all times pertinent to the claims set forth herein, Defendant PATRICIA W. LEMON, A.R.N.P. ("Lemon") has been a nurse practitioner in the State of Florida, employed by the DOC to provide medical care at WCI, and was, upon information and belief, a resident of Wakulla County, Florida.  Subsequent to the events subject of claims set forth against her, LEMON was transferred to Jefferson Correctional Institute, and on information and belief currently resides in Jefferson County, Florida.  This Defendant is *sui juris*.

## GENERAL ALLEGATIONS

13.	Plaintiff is 50 years old, and suffers from various medical conditions, specifically including Hepatitis-C.  One of the conditions associated with Plaintiff's Hepatitis-C is elevated blood ammonia levels.

14.	Plaintiff was incarcerated in the State of Florida from July 2007 through March 2010.  He was originally housed within the LCJ from July 2007 through early April 2008, an inmate at HCI from early April 2008 through late September 2008, an inmate at WCI from late September 2008 through late April 2009, and back at HCI from late April 2009 through March 2010.  He was released from prison on March 5, 2010.

15.	During his approximately nine (9) months housed at LCJ, PHS was responsible, in part, with Campbell, for the medical care of inmates housed at the LCJ.  While Plaintiff was incarcerated in the LCJ from July 2007 through early April 2008, he told every officer, medical professional, supervisor and administrator that he came into contact with that he had Hepatitis-C and that he needed medication for his condition.

Notwithstanding this knowledge, Campell and PHS denied him medical care and attention for this condition on the premise that neither provided medical care for his condition. On multiple occasions after Plaintiff requested medication or treatment for such condition from both Defendant Sheriff and PHS, he was told that no such medication or treatment would be provided by or at LCJ, but that his hepatitis condition would be both medicated and treated once he was moved to a DOC facility. Plaintiff begged for mediation but his pleas were ignored.

16. During the approximately six months of his first incarceration at HCI, and during the approximately ten and one-half months of his second incarceration at HCI, Plaintiff was mistreated medically for his Hepatitis-C and related conditions. While at HCI, Plaintiff communicated his condition on multiple occasions to Defendants Andem, Whal, and others, specifically including his need for Hepatitis-C medications interferon and/or ribavirin, he was not administered either of those medications. Instead, he was administered the drug lactulose to regulate the symptom of elevated ammonia levels, but his underlying Hepatitis-C condition was left utterly unmedicated or treated despite Plaintiff's known condition.

17. Likewise during the approximately seven months of his incarceration at WCI, Plaintiff was mistreated medically for his hepatitis-C and related conditions. Despite his communication of his condition at WCI to Torres, Lemon, and others, specifically including his need for interferon and/or ribavirin, he was only given lactulose, which treated his symptoms but not his condition.

18. As a result of the denial of medical treatment and medical mistreatment of

5

Plaintiff referenced above, Plaintiff's condition radically deteriorated over the total period of his imprisonment. Such deterioration included, but was not limited to, substantially elevated ammonia levels in his blood, associated confusion and other brain symptoms, development and aggravation of portosystemic encephalopathy, substantial mental and emotional deterioration, and five episodes bordering on hepatic coma. Further, the exacerbation of Plaintiff's Hepatitis-C condition resulted in, and continues to be manifested in, a constant condition of extreme fatigue, the frequent sensation of burning in and around Plaintiff's eyes, a constant condition of tremors bordering on convulsion, Plaintiff's resulting inability to write and perform other similar fine motor skills, and his insufficient energy to be gainfully employed. These conditions are ongoing and are believed to be permanent.

19. Additionally, during Plaintiff's incarceration at WCI, at a time when he was in possession of a medical "pass" approving "light duty and frequent rest," largely caused by his untreated medical condition, while Plaintiff was resting on his bunk, he was approached by a male correctional sergeant with the last name of Williams ("Williams") who ordered him up off his bunk and outside of the dormitory. After Plaintiff showed his pass and communicated his weakened condition, Williams responded that "I don't give a f__k about your pass or your medical condition; you just get up off that bunk and get out." Plaintiff suffered great physical pain due to the Defendant, DOC, through its agent and employee, refusing to recognize his medical condition.

20. During Plaintiff's second incarceration at HCI, on or about January 6, 2010, while a female correctional officer with the last name of Bush ("Bush") was on

duty as dormitory officer but working on a computer rather than monitoring the dormitory, Plaintiff was subject of a brutal and unprovoked attack by fellow inmate Frank Baker. In that attack, Plaintiff suffered grievous physical injuries including, but not limited to, a broken nose and a fractured cheek bone, requiring multiple corrective surgeries. As a result of that attack caused by Bush's failure to monitor the area in which Plaintiff was housed, Plaintiff, who was extremely ill and incapable of defending himself, experienced substantial physical pain and suffering, as well as the emotional injury of a heightened fear of other inmates.

21. Plaintiff has retained the undersigned to represent his interests in this case, and is obligated to pay a reasonable fee for the undersigned's services. Defendants should be made to pay said fee and all costs associated with this action.

## COUNT I: VIOLATION OF THE EIGHTH AMENDMENT
## AGAINST ALL INDIVIDUAL DEFENDANTS BROUGHT UNDER 42 U.S.C. §1983

22. Plaintiff re-alleges and incorporates by reference the averments set forth in paragraphs 1-21 above as if fully rewritten herein. Count I is pled in the alternative.

23. This count is for violation of the Eighth Amendment to the U.S. Constitution against Defendants Torres, Andem, Wahl, and Lemon ("the individual Defendants").

24. The individual Defendants, while acting under color of state law, were deliberately indifferent to Plaintiff's serious medical needs, knowing that a failure to provide timely treatment and/or medication could result in serious medical consequences, including death.

25. The individual Defendants had notice of inadequate custodial, medical, and diagnostic care, and of inappropriate placement of Plaintiff in confinement, and failed to establish or implement policies to treat Plaintiff's serious medical conditions. Notwithstanding such notice, these Defendants were deliberately indifferent to Plaintiff's serious medical needs, which resulted in Plaintiff's serious and permanent damages.

26. The individual Defendants, through their actions described above, deprived Plaintiff of rights, privileges, and immunities under the Constitution and laws of the United States, including the right to have serious medical needs addressed in a timely manner as guaranteed to prisoners by the Eighth Amendment.

27. The individual Defendants were deliberately indifferent to, and recklessly disregarded, Plaintiff's medical care and condition by:

    a) Depriving Plaintiff of the means of assisting in his own health care;

    b) Failing to provide necessary health therapies;

    c) Failing to follow up on indicators for serious health problems;

    d) Failing to timely respond to Plaintiff's medical needs;

    e) Failing to provide timely and necessary medical care; and

    f) Failing to permit others to provide timely necessary medical care.

28. The individual Defendants recklessly deviated from reasonably acceptable standards of care in failing to provide Plaintiff with necessary medical interventions. At all times material hereto, the individual Defendants knew that failure to provide adequate medical care would result in substantial risk to Plaintiff's health, including the risks of death and permanent injury.

29. The medical services provided to Plaintiff were so grossly substandard, incompetent and/or inadequate as to fairly be characterized as medical care so cursory as to amount to no medical care at all.

30. The individual Defendants, in their acts and omissions, evinced (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence. Such acts and omissions constitute deliberate indifference.

31. The individual Defendants' deliberate indifference directly, proximately, and jointly and severally caused Plaintiff's damages as alleged above. Plaintiff is entitled to punitive damages.

32. As a direct, proximate and forseeable result of the Constitutional violations set forth above, Plaintiff has suffered severe physical and emotional injuries, mental and physical pain and suffering, loss of the enjoyment of life, bodily injury, lost wages and other remuneration. These injuries occurred in the past, are presently occurring and will occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

**COUNT II: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AGAINST DEFENDANT DEPARTMENT OF CORRECTIONS**

33. Plaintiff re-alleges and incorporates by reference the averments set forth in Paragraphs 1-32 above as if fully rewritten herein. Count II is pled in the alternative.

34. This is an action under Title II of the Americans with Disabilities Act of 1990 ("the Act"), 42 U.S.C. §§12131-12165.

35. Plaintiff suffered and continues to suffer a disability as that term is defined

in 42 U.S.C. §12102(2).

36. Section 202 of the Act, 42 U.S.C. 12132, provides that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity."

37. DOC is covered by the provisions of the Act.

38. Plaintiff was a qualified individual within the meaning of the Act in that, with or without reasonable modifications to rules, policies or practices, the removal of architectural, communication or transportation barriers, or the provision of auxiliary aids and services, he met the essential eligibility requirements for the receipt of services and participation in programs and activities offered by the DOC.

39. The policy, practice, custom, and procedure of the DOC, as alleged herein, constitutes discrimination on the basis of disability in violation of the Act.

40. Defendant DOC's intentional refusal to accommodate the needs of Plaintiff by failing to provide him with the necessary medical care and treatment for his condition and then, on one occasion referenced herein, demanding that Plaintiff work when he was unable to do so, violated the Act.

41. Instead of accommodating Plaintiff's needs, the DOC denied him services and/or programs available to others that could have treated him. The failure to treat Plaintiff's condition was intentional and/or deliberately indifferent to Plaintiff's rights under the Act and was the proximate cause of his damages.

42. Specifically, Plaintiff could have benefitted from therapies and medications to address his serious health condition that rose to the level of a disability.

43. As a consequence of Defendant DOC's discriminatory treatment and the failure to treat Plaintiff, Plaintiff was denied medical care causing severe and permanent injuries and exacerbation.

44. As a direct, proximate and forseeable result of the Constitutional violations set forth above, Plaintiff has suffered severe physical and emotional injuries, mental and physical pain and suffering, loss of the enjoyment of life, bodily injury, lost wages and other remuneration. These injuries occurred in the past, are presently occurring and will occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

**COUNT III: VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 AGAINST DEFENDANT DEPARTMENT OF CORRECTIONS**

45. Plaintiff re-alleges and incorporates by reference the averments set forth in Paragraphs 1-44 above as if fully rewritten herein. Count III is pled in the alternative.

46. This is an action brought under the Rehabilitation Act of 1973, 29 U.S.C. §794 ("the Rehabilitation Act"), which provides in relevant part that "[n]o otherwise qualified individual with handicaps in the United States, as defined in Section 706(7) of this title, shall, solely by reason of her or his handicap, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program receiving federal financial assistance..."

47. Plaintiff was and is a handicapped person as defined by 29 U.S.C. §706(7)(B).

48. At all times material to this action, Defendant DOC, receives federal financial assistance.

49. Plaintiff was and is an "otherwise qualified individual" for purposes of the Rehabilitation Act.

50. Plaintiff was and is a person with disabilities that prevented him from participating in and benefitting from programs and services available to other inmates, but with reasonable accommodation, available to Defendant DOC, he could have benefitted from those programs and services.

51. Plaintiff could have benefitted from therapies and medications to treat his Hepatitis-C.

52. Defendant DOC's intentional refusal to accommodate Plaintiff's needs by treating his known and deteriorating medical condition.

53. Defendant DOC's intentional refusal to accommodate Plaintiff's needs by failing to provide timely medical and diagnostic care called for by health indicators known to it violated the Rehabilitation Act.

54. Instead of accommodating Plaintiff's needs, Defendant DOC denied him services and programs available to others that could have protected him from injury and deterioration. The failure to accommodate Plaintiff's disabilities was intentional and/or deliberately indifferent to Plaintiff's rights under the Rehabilitation Act, and bore a causal link to his damages.

55. As a direct, proximate and forseeable result of the Constitutional violations set forth above, Plaintiff has suffered severe physical and emotional injuries,

mental and physical pain and suffering, loss of the enjoyment of life, bodily injury, lost wages and other remuneration. These injuries occurred in the past, are presently occurring and will occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

## COUNT IV: NEGLIGENCE AGAINST DEFENDANT
## DEPARTMENT OF CORRECTIONS

56. Plaintiff re-alleges and incorporates by reference the averments set forth in Paragraphs 1-21 above as if fully rewritten herein.

57. This is an action against Defendant DOC for negligence. Count IV is pled in the alternative.

58. DOC, because of Plaintiff's incarceration there, had a special relationship with Plaintiff and as such a duty of care arose. Once Plaintiff was in the care and custody of Defendant DOC, it had the nondelagable duty to provide inmates with access to medical attention. DOC had a duty to ensure that its employees and/or agents did not deprive inmates of their required medical treatment. The injuries to Plaintiff were also within the foreseeable zone of risk and as such DOC had a duty to ensure he was not denied proper medications and that he received proper and/or adequate medical care and attention.

59. Defendant was fully aware of Plaintiff's medical needs and was negligent in depriving Plaintiff of medical care and in allowing the injuries that resulted therefrom

60. Defendant breached its duty to provide Plaintiff adequate access to medical care and in its supervision of employees who came into contact with Plaintiff.

61. The proximate cause of Plaintiff's injuries was DOC's negligence set forth

above and therefore the legal cause of the Plaintiff's injuries was negligence on the part of Defendant DOC.

62. As a direct and proximate cause of Defendant's actions, Plaintiff suffered physical and other injuries. These injuries were reasonably foreseeable from Defendant's breaching its duty to provide medical access. Plaintiff has lost wages and has sustained other tangible losses including medical care in the past, at present and into the future. He has endured physical pain and suffering, mental anguish, and emotional injuries. He has the loss of the capacity for the enjoyment of life and has suffered other intangible injuries. These losses have occurred in the past, at present and will certainly occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

### COUNT V: VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANTS CAMPBELL AND PRISON HEALTH SERVICES, INC. BROUGHT UNDER 42 U.S.C. §1983

64. Plaintiff re-alleges and incorporates by reference the averments set forth in Paragraphs 1-21 above as if fully rewritten herein.

65. This count is for violation of the Eighth Amendment to the U.S. Constitution against Defendants Campbell and PHS brought under 42 U.S.C. §1983.

66. Defendants Campbell and PHS, through their agents and employees, acted with deliberate indifference to Plaintiff's serious medical needs by failing to treat or medicate Plaintiff's Hepatitis-C while Plaintiff was housed in the LCJ.

67. Through contract, with PHS, which operates the medical services for the Defendant Sheriff, PHS was responsible for Plaintiff's medical care. Defendant Sheriff

was responsible for Plaintiff's medical care due to the fact that he was incarcerated in the LCJ in 2007 and 2008.

68. Defendants Campbell and PHS violated Plaintiff's rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the U.S. Constitution, brought through 42 U.S.C. §1983. For the purposes of this count, all of the subordinates, agents, representatives, and employees of Campbell and PHS were acting within the course and scope of their employment/affiliations with those Defendants.

69. As "persons" under the law, Defendants Campbell and PHS are liable, jointly and severally, to Plaintiff for their conduct and that of their subordinates, agents, representatives, and employees, individually and in concert, which violated the civil rights of Plaintiff under the Eighth and Fourteenth Amendments to the U.S. Constitution.

70. Defendants misused their powers, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color or state law and is actionable under 42 U.S.C. §1983.

71. The foregoing actions of Defendants Campbell and PHS were willful, wanton, and in reckless disregard of Plaintiff's rights, and constitute cruel and unusual punishment.

72. Based upon the facts presented to Defendants Campbell and PHS and the applicable law, no reasonable person could have concluded that ignoring Plaintiff's medical condition, and neither treating nor medicating that condition, were examples of lawful or permissible behavior under the U.S. Constitution at the time those actions by

15

these Defendants, through their agents and employees, were committed.

73. The actions and/or inactions of Defendants Campbell and PHS, as set forth above, constituted a deliberate indifference or reckless disregard for the safety of Plaintiff, when these Defendants knew of and disregarded severe risks to Plaintiff's health and safety.

74. Defendants Campbell and PHS acted with deliberate indifference in their failure to adopt a policy and/or adopting an inadequate policy for incidents like those described herein, when it was obvious that the likely consequences of not adopting a policy or adopting an inadequate policy would be a deprivation of civil rights, and deliberately failed to provide Plaintiff with adequate medical care for his serious medical needs. These policies and/or lack thereof were the moving force behind the constitutional deprivations to Plaintiff. These Defendants' failures to adopt policies and/or their adoption of policies inadequate to ensure that inmates have prescribed and receive proper and necessary medications and receive medical attention for illnesses constituted deliberate indifference to Plaintiff's constitutional rights. Further, these Defendants operated under a policy or custom of ignoring inmate pleas for medical treatment, denying inmates medical care and treatment, depriving them of needed medications, and refusing such medical care despite possessing knowledge of inmates' needs for such treatment.

75. Defendants Campbell and PHS also failed to implement adequate hiring, training, staffing, and supervisory procedures, as a direct result of which Plaintiff was denied his prescribed medications and caused to suffer numerous injuries. By way of

example, these Defendants failed to adequately train their employees and agents on how to respond to inmate requests for medical attention, and how to treat inmates who complain of immobilizing and/or debilitating injuries.

76. Defendant Campbell is an elected county official with final policy-making authority for Leon County, Florida. He is responsible for hiring, training, and supervising the correctional officers who work under him and, when necessary, for investigating alleged wrongdoing by those employees. At all times referred to herein, Defendant Campbell and his correctional officers acted under color of state law.

77. Defendant PHS provides medical care to inmates at the LCJ by virtue of contract, and has final policymaking authority over the medical care of inmates, authority that PHS held jointly with Defendant Campbell. At all times referred to herein, Defendant PHS and its agents and employees therefore acted under color of state law.

78. Defendants Campbell's and PHS' failure to train, supervise, investigate, and discipline their employees responsible for the denial of care and the abuses to Plaintiff described above constitutes either an improper policy or the absence of a policy of these Defendants, which resulted in a deliberate indifference to the constitutional rights of Plaintiff. These Defendants, also, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline their employees or agents, which established a policy, by a final policy-maker, that directly or indirectly resulted in the violation of Plaintiff's constitutional rights.

79. Defendants Campbell and PHS also have a policy of denying medications to inmates, and of being callously indifferent to inmates' medical needs. At least one

inmate has died in the LCJ in recent years due to the actions of these Defendants, and others have suffered immeasurable injuries because of the custom and practice of these Defendants in the denial of medical care to inmates.

80.     As a direct and proximate result of the actions of Defendants Campbell and PHS, Plaintiff had been damaged, which damages include: severe, debilitating and permanent bodily injuries, grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, loss of reputation, loss of employment abilities and opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past, and will most assuredly occur in the future.  Further, these Defendants are jointly and severally liable to Plaintiff for the unlawful conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this court take jurisdiction over this case;

(b)     that this court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for their violations of law enumerated herein;

(d)     enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of the state and federal laws enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other and further relief as this court deems just and proper under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 7th day of May, 2010.

Respectfully submitted,


 /s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, Florida 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEYS FOR PLAINTIFF