UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL J. LOEBER,

    Plaintiff,

vs.    CASE NO.: 5:09cv402-RS/MD

DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA, LARRY
CAMPBELL, et al

    Defendants.
_____/

## COUNTER-CLAIM OF DEFENDANT SHERIFF

Defendant / Counter-Plaintiff, LARRY CAMPBELL, in his official capacity as Sheriff of Leon County, Florida, by and through undersigned counsel, hereby counter-claims as to the Plaintiff, and says:

1. This is an action for damages pursuant to Florida Statutes Section 960.291, et. seq. for civil restitution and a civil restitution lien.

2. This claim arises from a common nucleus of operative facts as Plaintiff's claims set forth in the complaint. As such, this Court possesses jurisdiction under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

3. At all times pertinent to this claim, Plaintiff / Counter-Defendant was present in Leon County, Florida, engaging in the actions alleged, which occurred in Leon County, Florida.

4. Counter-Plaintiff is the Sheriff of Leon County, Florida. As such, he qualifies as a "local subdivision" of the State of Florida within the meaning of Section 960.297, Florida Statutes. See, §960.291(6), Fla. Stat. (2000).

1

5. Plaintiff/Counter-Defendant was a pre-trial detainee or inmate in the Leon County Jail and was ultimately sentenced to a term of imprisonment with the State of Florida, Department of Corrections.

6. Plaintiff/Counter-Defendant is a "convicted offender" as that term is defined by section 960.291(2), Fla. Stat.

7. Defendant/Counter-Plaintiff brings this counter-claim under Florida Statutes Sections 960.291. et. seq., including, but not limited to, Sections 960.293 and 960.297, Fla. Stat. The statute provides that a convicted offender is liable to the State and its local subdivisions for damages and losses as set forth in Sections 960.293 and 960.297, Florida Statutes.

> (2) Upon conviction, a convicted offender is liable to the State and its local subdivisions for damages and losses for incarceration costs and other correctional costs.
> (a) If the conviction is for a capital or life felony, the convicted offender is liable for incarceration costs and other correctional costs in the liquidated damage amount of $250,000.00.
> (b) If the conviction is for an offense other than a capital or life felony, a liquidated damage amount of $50.00 per day of the convicted offender's sentence shall be assessed against the convicted offender and in favor of the state or its local subdivisions.

8. Section 960.297(2) provides the State or its local subdivisions may bring a counter-claim under §960.293 beginning July 1, 1994. For those offenders who were convicted before July 1, 1994, $50.00 per day in liquidated damages for incarceration costs may be had for the convicted offender's sentence remaining after July 1, 1994.

9. In accordance with the cited statutes, Plaintiff/Counter-Defendant was lawfully incarcerated in the Leon County Jail for 330 days as either a pre-trial detainee or as a convicted person.

10. Thus, Plaintiff/Counter-Defendant is liable to Defendant Sheriff for $50.00 per day for each day of his incarceration pursuant to the above referenced statute.

WHEREFORE, Defendant/Counter-Plaintiff, Sheriff Larry Campbell, seeks an award of damages and losses in the form of his civil restitution lien as calculated under §960.293(2).

Respectfully submitted this 16th day of August 2010.

/s/ KEITH C. TISCHLER
KEITH C. TISCHLER
Florida Bar No. 0334081
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel:   (850) 422-0282
Fax:   (850) 422-1913

Attorney for Defendant Sheriff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to Susan Adams Maher and Jonathan Patrick Sanford, The Capitol, PL-01, Tallahassee, Florida, 32399 & Marie Mattox, 310 East Bradford Road, Tallahassee, Florida 32303 this 16th day of August 2010 by CM/ECF Service.

/s/ KEITH C. TISCHLER
KEITH C. TISCHLER