IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL J. LOEBER,

    Plaintiff,

vs.                                            CASE NO. 5:09-cv-402/RS-MD

DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA, ET AL.

    Defendants.
_____/

## ORDER

Before me are Defendants Department of Corrections ("DOC"), Gonzalez-Torres, Lemon, and Wahl's Motion to Dismiss Amended Complaint (Doc. 33) and Plaintiff's Response in Opposition (Doc. 44).

### I. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## II. Background

Plaintiff, a prisoner suffering from Hepatitis-C, was incarcerated from July 2007 until March 2010 in three facilities--at Leon County Jail ("LCJ"), Holmes Correctional Institute ("HCI"), and Wakulla Correctional Institute ("WCI") (Doc. 30, p.4).[1] Defendants Gonzalez-Torres, Lemon, and Wahl are medical professionals employed by Defendant DOC at HCI or WCI (Doc. 30, p.3-4).

Plaintiff alleges that during incarceration at HCI and WCI, he was treated with lactulose and was denied treatment with interferon and/or ribavirin (Doc. 30, p. 5). Plaintiff alleges that on multiple occasions he requested such treatment and that the denial of treatment by interferon and/or ribavirin resulted in a "radically deteriorated" medical condition (Doc. 30, p. 6).

## III. Analysis

### A. Qualified Immunity

The doctrine of qualified immunity protects government officials from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*,    U.S.   , 129 S. Ct. 808, 815 (2009) (citation omitted). This doctrine is intended to balance "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*.

---

[1] Plaintiff was incarcerated within LCJ from July 2007 until April 2008. Plaintiff was incarcerated within HCI from April 2008 until September 2008. Plaintiff was incarcerated within WCI from September 2008 until April 2009. Plaintiff was again incarcerated within HCI from April 2009 until his release from prison in March 2010.

In *Saucier v. Katz,* 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001), the Supreme Court mandated a two-step process for lower courts to follow in resolving qualified immunity claims. First, the court had to decide whether the facts that the plaintiff alleged showed a violation of a constitutional right. *Id*. Second, if the plaintiff satisfied the first step, the court had to determine whether "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson,* 129 S. Ct. at 816 (*quoting Saucier,* 533 U.S. at 201, 121 S. Ct. at 2156).

The Supreme Court revisited *Saucier's* mandatory two-step inquiry in *Pearson. Id.,* 129 S. Ct. at 815-18. The Court held that while the *Saucier* process is often appropriate, "it should no longer be regarded as mandatory." Rather, "[t]he judges of the district courts and the court of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818.

Applying this two-step analysis, the courts have recognized that "deliberate indifference to serious medical needs of prisoners" violates the *Eighth Amendment*. *Erickson v. Pardus*, 551 U.S. 89, 90, 127 S. Ct. 2197, 2198 (2007) (*citing Estelle v. Gamble*, 429 U.S. 97, 104-105, 97 S. Ct. 285, 292(1976)). This is true whether the "indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.*

To sustain such a claim, Plaintiff must allege facts that satisfy both an objective and a subjective requirement. There must be an "objectively serious deprivation" of

medical care, which requires (1) "an objectively serious medical need[2] . . . that, if left unattended, poses a substantial risk of serious harm," and (2) that the state actor's response "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Granda v. Schulman*, 2010 U.S. App. LEXIS 7372, 7-9 (11th Cir. 2010) (per curiam) (citations omitted).

Plaintiff also must allege the state actor's subjective intent to punish by pleading facts that would show that Defendants acted with deliberate indifference. Deliberate indifference is shown by: (1) the actor's "subjective knowledge of a risk of serious harm;" (2) the actor's "disregard of that risk;" and (3) "conduct that is more than mere negligence." Deliberate indifference includes: (1) "grossly inadequate care," (2) "a decision to take an easier but less efficacious course of treatment," and (3) medical care that is "so cursory as to amount to no treatment at all." *Id*.

Turning to the facts of the case, when viewed in the light most favorable to Plaintiff, the complaint fails to allege sufficient facts to show a violation of the *Eighth Amendment*. Hepatitis-C is an objectively serious medical need that poses a substantial risk of harm. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). However, Plaintiff has failed to present facts to support the inference that providing Plaintiff with lactulose rather than the requested interferon and/or ribavirin amounts to, if anything, more than mere negligence. The claim that lactulose "treated [Plaintiff's] symptoms, but

---

[2] A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Granda*, 2010 U.S. App. LEXIS at 7-9.

not his underlying condition," (Doc. 30, p. 5), is not an allegation that the requested alternative treatment would have been medically appropriate, that it would have improved Plaintiff's condition, or that it was superior to lactulose. This lack of facts is notably absent in light of the potential side effects of the requested alternative treatment. *See Bender v. Regier*, 385 F.3d 1133, 1135 (8th Cir. 2004) ("Interferon treatment has serious potential side-effects, including nausea, anemia, depression, and decomposition of the liver. Its success rate is relatively low -- 15-30% for regular interferon and 40-50% for [interferon and ribavirin] treatment. The selection of patients for interferon treatment is highly individualized and depends upon many factors.").

For these same reasons, Plaintiff has not presented facts to demonstrate deliberate indifference. Plaintiff has not shown that treatment with lactulose, rather than with the requested alternative, represents a disregard for the risk of harm from Hepatitis-C. Nor does Plaintiff show that lactulose treatment was, if anything, more than mere negligence. *Cf. Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (where a "complete withdrawal of treatment" for Hepatitis-C amounted to deliberate indifference).

Defendants Gonzalez-Torres, Lemon, and Wahl are, thus, entitled to qualified immunity because Plaintiff's allegations are "merely consistent" with Defendants' liability, but stop short of the "line between possibility and plausibility of entitlement to relief." *Iqbal*, U.S. , 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

## B. ADA and Rehabilitation Act Claims

The ADA and Rehabilitation Act claims are considered together because, "cases decided under the Rehabilitation Act are precedent for cases under the ADA, and vice-versa." *Cash v. Smith*, 231 F.3d 1301, 1305 n.2 (11th Cir. 2000). The ADA's prohibition of disability discrimination applies to state prisoners. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210, 118 S. Ct. 1952, 1955 (1998). However, "the failure to provide adequate medical care is not by itself an ADA violation." *Scott v. Campbell*, 2009 U.S. Dist. LEXIS 85503 (N.D. Fla. 2009) (*citing Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir. 2005)). *See also Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (per curiam) (noting that lawsuits under the Rehabilitation Act or ADA "cannot be based on medical treatment decisions"); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (noting that ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners").

Plaintiff's claims under the ADA and the Rehabilitation Act, thus, cannot be maintained.

## C. Injunctive Relief

A case is moot when it no longer presents a live controversy to which the court can give meaningful relief. *Sumner v. State Bd. of Pardons & Paroles*, 255 Fed. Appx. 372, 373 (11th Cir. 2007) (per curiam). The general rule in the Eleventh Circuit is that the release of a prisoner from prison moots that prisoner's claims for injunctive and declaratory relief. *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) (*citing McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir. 1984); *Zatler v.*

*Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (per curiam)). Injunctive relief is a prospective remedy, intended to prevent future injuries, and, as a result, once the prisoner has been released, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained. *See Smith*, 502 F.3d at 1267. *Accord Mann v. McNeil,* 360 Fed. Appx. 31, 32 (11th Cir. 2010*); Sumner*, 255 Fed. Appx. at 373; *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam).

Plaintiff asserts that this case falls within the established exception to mootness for disputes capable of repetition, yet evading review (Doc. 44, p. 26). The exception applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). This exception is "narrow" and applies only in "exceptional situations." *Id*.

The remote possibility that an event might recur is not enough to overcome mootness. *Id*. "For purposes of assessing the likelihood that state authorities will reinflict a given injury, we generally have been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury." *Honig v. Doe*, 484 U.S. 305, 320, 108 S. Ct. 592, 602 (1988). *See also Murphy v. Hunt*, 455 U.S. 478, 484 (no reason to believe that party challenging denial of pretrial bail "will once again be in a position to demand bail"); *O'Shea v. Littleton*, 414 U.S. 488, 497, 94 S. Ct. 669, 676-77(1974) (unlikely that parties

challenging discriminatory bond-setting, sentencing, and jury-fee practices would again violate valid criminal laws).

Plaintiff's response is not clear as to whether Plaintiff has returned to prison or whether his track record of incarceration makes it likely that Plaintiff will be re-incarcerated. In either case, injunctive relief is not available. Prior incarceration of Plaintiff does not constitute a reasonable expectation that Plaintiff will in the future violate the law and return to the custody or care of defendants. If Plaintiff has already returned to prison, no facts have been alleged that Plaintiff is in the custody of named Defendants or has been subject to similar treatment.

### IV. Conclusion

**IT IS ORDERED**

1. Count I *Eighth Amendment* claim is **dismissed with prejudice** as to defendants Gonzalez-Torres, Wahl, and Lemon because they are entitled to qualified immunity.

2. Count II ADA claim is **dismissed with prejudice**.

3. Count III Rehabilitation Act claim is **dismissed with prejudice**.

4. As stipulated by Plaintiff, Count IV negligence claim is **dismissed with prejudice.**

5. No injunctive relief is available to Plaintiff because such relief is **moot**.

6. Defendants Department of Corrections, Gonzalez-Torres, Wahl, and Lemon are dismissed as parties to this case.

**ORDERED** on August 19, 2010

/S/ Richard Smoak
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**