IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL J. LOEBER,

    Plaintiff,

vs.                                      CASE NO. 5:09-cv-402/RS-MD

DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA, ET AL.

    Defendants.
_____/

## ORDER

Before me is Defendant Andem's Motion to Dismiss Amended Complaint (Doc. 41). Plaintiff has not filed a response. "Failure to file a responsive memorandum may be sufficient grounds to grant the motion." N.D. Fla. Loc. R 7.1 (C) (1).

### I. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient facts, which accepted as true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 1974 (2007). Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). In making this determination, the court must accept all factual allegations in the complaint as true and in the light most favorable to Plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182 (2003).

## II. Background

Plaintiff, a prisoner suffering from Hepatitis-C, was incarcerated from July 2007 until March 2010 in several facilities--at Leon County Jail ("LCJ"), Holmes Correctional Institute ("HCI"), and Wakulla Correctional Institute ("WCI") (Doc. 30, p.4).[1] Defendant is a physician employed by Defendant DOC at HCI. (Doc. 30, p.3-4).

Plaintiff alleges that during incarceration at HCI and WCI, he was treated with lactulose and was denied treatment with interferon and/or ribavirin (Doc. 30, p. 5). Plaintiff alleges that on multiple occasions he requested such treatment and that the denial of treatment by interferon and/or ribavirin resulted in a "radically deteriorated" medical condition (Doc. 30, p. 6).

## III. Analysis

The doctrine of qualified immunity protects government officials from civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, U.S. , 129 S. Ct. 808, 815 (2009) (citation omitted). This doctrine is intended to balance "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id*.

In *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001), the Supreme Court mandated a two-step process for lower courts to follow in resolving qualified

---

[1] Plaintiff was incarcerated within LCJ from July 2007 until April 2008. Plaintiff was incarcerated within HCI from April 2008 until September 2008. Plaintiff was incarcerated within WCI from September 2008 until April 2009. Plaintiff was again incarcerated within HCI from April 2009 until his release from prison in March 2010.

immunity claims. First, the court had to decide whether the facts that the plaintiff alleged showed a violation of a constitutional right. *Id*. Second, if the plaintiff satisfied the first step, the court had to determine whether "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson,* 129 S. Ct. at 816 (*quoting Saucier,* 533 U.S. at 201, 121 S. Ct. at 2156).

The Supreme Court revisited *Saucier's* mandatory two-step inquiry in *Pearson. Id.,* 129 S. Ct. at 815-18. The Court held that while the *Saucier* process is often appropriate, "it should no longer be regarded as mandatory." Rather, "[t]he judges of the district courts and the court of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 818.

Applying this two-step analysis, the courts have recognized that "deliberate indifference to serious medical needs of prisoners" violates the *Eighth Amendment*. *Erickson v. Pardus*, 551 U.S. 89, 90, 127 S. Ct. 2197, 2198 (2007) (*citing Estelle v. Gamble*, 429 U.S. 97, 104-105, 97 S. Ct. 285, 292(1976)). This is true whether the "indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*.

To sustain such a claim, Plaintiff must allege facts that satisfy both an objective and a subjective requirement. There must be an "objectively serious deprivation" of

medical care, which requires (1) "an objectively serious medical need[2] . . . that, if left unattended, poses a substantial risk of serious harm," and (2) that the state actor's response "was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Granda v. Schulman*, 2010 U.S. App. LEXIS 7372, 7-9 (11th Cir. 2010) (per curiam) (citations omitted).

Plaintiff also must allege the state actor's subjective intent to punish by pleading facts that would show that Defendant acted with deliberate indifference. Deliberate indifference is shown by: (1) the actor's "subjective knowledge of a risk of serious harm;" (2) the actor's "disregard of that risk;" and (3) "conduct that is more than mere negligence." Deliberate indifference includes: (1) "grossly inadequate care," (2) "a decision to take an easier but less efficacious course of treatment," and (3) medical care that is "so cursory as to amount to no treatment at all." *Id*.

Turning to the facts of the case, when viewed in the light most favorable to Plaintiff, the complaint fails to allege sufficient facts to show a violation of the *Eighth Amendment*. Hepatitis-C is an objectively serious medical need that poses a substantial risk of harm. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004). However, Plaintiff has failed to present facts to support the inference that providing Plaintiff with lactulose rather than the requested interferon and/or ribavirin amounts to, if anything, more than mere negligence. The claim that lactulose "treated [Plaintiff's] symptoms, but

---

[2] A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Granda*, 2010 U.S. App. LEXIS at 7-9.

not his underlying condition," (Doc. 30, p. 5), is not an allegation that the requested alternative treatment would have been medically appropriate, that it would have improved Plaintiff's condition, or that it was superior to lactulose. This lack of facts is notably absent in light of the potential side effects of the requested alternative treatment. *See Bender v. Regier*, 385 F.3d 1133, 1135 (8th Cir. 2004) ("Interferon treatment has serious potential side-effects, including nausea, anemia, depression, and decomposition of the liver. Its success rate is relatively low -- 15-30% for regular interferon and 40-50% for [interferon and ribavirin] treatment. The selection of patients for interferon treatment is highly individualized and depends upon many factors.").

For these same reasons, Plaintiff has not presented facts to demonstrate deliberate indifference. Plaintiff has not shown that treatment with lactulose, rather than with the requested alternative, represents a disregard for the risk of harm from Hepatitis-C. Nor does Plaintiff show that lactulose treatment was, if anything, more than mere negligence. *Cf. Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (where a "complete withdrawal of treatment" for Hepatitis-C amounted to deliberate indifference).

Defendant Andem, thus, entitled to qualified immunity because Plaintiff's allegations are "merely consistent" with Defendant's liability, but stop short of the "line between possibility and plausibility of entitlement to relief." *Iqbal*, U.S. , 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

## IV. Conclusion

**IT IS ORDERED**

1. Count I *Eighth Amendment* claim is **dismissed with prejudice** because Defendant Andem is entitled to qualified immunity.

2. Defendant Andem is dismissed as party to this case.

**ORDERED** on August 20, 2010

                                           /S/ Richard Smoak
                                           **RICHARD SMOAK**
                                           **UNITED STATES DISTRICT JUDGE**